IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

*******

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-33-GF-CCL |
| Plaintiff, | |
| -v- | ORDER |
| ALEKSANDRS HOHOLKO, JEVGENIJS KUZMENKO, and VITALIJS DROZDOVS, | |
| Defendants. | |

*******

Before the Court are Defendant Kuzmenko's First and Second Motions to Dismiss. The First Motion to Dismiss requests dismissal of the Indictment for lack of personal jurisdiction over the Defendant. (Doc. 42.) The Second Motion to Dismiss requests dismissal of the Indictment for lack of probable cause to support the Indictment. (Doc. 44.)

Defendant Kuzmenko is a Latvian national charged with three counts of a

five-count Indictment that was filed in the District of Montana on March 20, 2008. Count I charges a Conspiracy to commit several offenses against the laws of the United States from December 20, 2007, continuing until Indictment, in violation of 18 U.S.C. § 371. Count II charges Extortion Affecting Commerce, in violation of 18 U.S.C. §§ 1951 and 2. Count V charges Receipt of Extortion Proceeds, in violation of 18 U.S.C. § 880.

Defendant challenges his extradition under the Extradition Treaty Between the United States of America and the Kingdom of the Netherlands ("the Treaty"). (Treaty of Extradition, Sept. 15, 1983, U.S.-Netherlands, 35 U.S.T. 1334, T.I.A.S. No. 10733; Doc. 53-5, Gvt. Exhibit 5.) The Defendant argues that this Court lacks personal jurisdiction over him because his extradition from the Netherlands was invalid as a matter of law.

First, this Court has personal jurisdiction over the Defendant because he is now found within the District of Montana. In a criminal case, "a court has exclusive personal jurisdiction over any party who appears before it, regardless of how that appearance was effected." *United States v. Warren*, 610 F.2d 680, 684

n.8 (9th Cir. 1980). Two exceptions may apply, however, in the circumstances presented by this case. The Court will have no jurisdiction if (1) the transfer of the defendant violated the applicable extradition treaty, or (2) the United States government engaged in "misconduct 'of the most shocking and outrageous kind'" to obtain defendant's presence. *United States v. Anderson* 472 F.3d 662, 666 (9th Cir. 2006) (*quoting United States v. Matta-Ballesteros*, 71 F.3d 754, 762-64 (9th Cir. 1995)). There is no allegation in this case of government misconduct. The issues relating to treaty violation are set forth in the following discussion.

Second, Defendant "has no standing to raise noncompliance with procedural provisions of the Treaty as a bar to jurisdiction in the district court." *See United States v. Antonakeas*, 255 F.3d 714, 719 (9th Cir. 2001).

Third, although Defendant Kuzmenko may raise a "specialty provision claim"–*i.e.,* a claim that he is being prosecuted for an offense that was not contemplated by the extradition itself–Defendant is in this case being prosecuted for exactly the offenses for which the Netherlands granted extradition. *See United States v. Rauscher*, 119 U.S. 407, 409-10 (1886) (requiring that receiving country

may only proceed against person extradited on the offenses for which the person was actually extradited); *Benitez v. Garcia*, 449 F.3d 971, 976 (9th Cir. 2006); *see also* Doc. 53-4, Gov. Exhibit 4, Letter from Mr. Coffeng, Ministry of Justice, to U.S. Department of Justice, dated February 18, 2010, stating that Defendant's "extradition is allowed–also by the Court en Supreme Court–for all the counts in the indictment.")  Thus, the highest court of the Netherlands has determined that the offenses charged against the Defendant are extraditable offenses under the laws of that country.[1]  There is no violation of the specialty principle in this case.

Fourth, the dual criminality principle was not violated by Defendant's extradition.  The principle of "[d]ual criminality requires that an accused be extradited only if the alleged criminal conduct is considered criminal under the

---

[1] Defendant was arrested on Dutch charges on February 18, 2008.  The United States began the process of requesting extradition on February 20, 2008.  The lower court in Rotterdam ruled in favor of the extradition on August 11, 2008.  The Supreme Court of the Netherlands ruled in favor of extradition on March 3, 2009.  (Doc. 53-3 at ¶¶ 3.2-3.3, Gov. Exhibit 3, April 14, 2009, Order of the Minister of Justice granting extradition.)  Apparently another appeal was taken by Defendant Kuzmenko that again delayed extradition.  (Doc. 53-2, Gov. Exhibit 2.)  Defendant appeared in the District of Montana on October 26, 2009.

laws of both the surrendering and requesting nations." *United States v. Anderson*, 472 F.3d 662, 670 (9th Cir. 2006) (*quoting Clarey v. Gregg*, 138 F.3d 764, 765 (9th Cir. 1988)). The laws of the countries need only be "substantially analogous," such that dual criminality exists if the "essential character" of the criminal acts are the same. *Wright v. Henkel*, 190 U.S. 40, 58 (1903).

In this case, the Treaty explicitly pertains to the crimes of extortion and of "receiving, possessing or transporting anything of value knowing it to have been unlawfully obtained." (*See* Treaty of Extradition, Sept. 15, 1983, U.S.-Netherlands, 35 U.S.T. 1334, T.I.A.S. No. 10733, Appendix, ¶¶ 12-13, Gov. Exhibit 5 at 12.) These crimes explicitly listed in the Treaty's Appendix cover Count II ("Extortion Affecting Commerce") and Count V ("Receipt of Extortion Proceeds"). The Treaty also contains a catch-all provision for offenses not explicitly listed but punishable under the laws of both the United States and the Netherlands. (*Id.* at art. 2.1.b; Gov. Exhibit 5 at 4.) Because Count I, charging conspiracy, alleges essentially a conspiracy to commit extortion, it would appear that this crime falls within Article 2 of the Treaty, as well. Article 2.4 of the Treaty provides that

>   extradition shall also be granted:  a.  For attempts to commit or participation in an extraditable offense, including participation in an association of persons whose intention it is to commit the offense.

(*Id.* at art. 2.4.a; Gov. Exhibit 5 at 5.)  Article 2.4.a of the Treaty therefore makes conspiracy (to commit an extraditable offense such as extortion or receipt of extortion proceeds) also an extraditable offense.  Indeed, the Rotterdam court ruled and the Supreme Court affirmed that the Defendant could have been tried in the Netherlands.  (*See* Doc. 53-3 at 2, ¶ 4.1, Gov. Exhibit 3, Order of Minister of Justice; Gov. Exhibit 5 at 7.)  "[D]etermination of whether a crime is within the provisions of an extradition treaty is within the sole purview of the requested state."  *United States v. Van Cauwenberghe*, 827 F.2d 424, 429 (9th Cir. 1987) (*citing Johnson v. Browne*, 205 U.S. 309, 316 (1907)).

Thus, dual criminality requirement is made a part of the Treaty itself in Article 2.1, which specifies, however, that "[i]n this connection it shall not matter whether or not the laws of the Contracting Parties place the offense within the same category of offenses or denominate an offense by the same terminology." (Treaty of Extradition, Sept. 15, 1983, U.S.-Netherlands, art. 2.1, 35 U.S.T. 1334, T.I.A.S. No. 10733; Doc. 53-5, Gvt. Exhibit 5.)  Given the text of the treaty, the

6

crimes charged against the Defendant by the Indictment, and the decisions of the Dutch courts, all the evidence before this Court indicates that the Defendant's extradition was in compliance with the dual criminality requirement.

Fifth, the grand jury in the District of Montana has found probable cause to indict Defendant Kuzmenko, and he is not permitted at this stage of the prosecution to challenge the sufficiency of the government's case. *See* Doc. 53, Gvt's Response Brief at 22 *(citing Reyes v. United States*, 417 F.2d 916, 919 (9th Cir. 1969) (holding that it has been "repeatedly stated and well established that an indictment cannot be attacked on the ground that the evidence before the grand jury was incompetent or inadequate.")).

Sixth, as to Defendant's complaint of pre-extradition delay, the Due Process Clause of the United States Constitution applies to Defendant's detention and prosecution in the United States, but under principles of comity between nations, the United States Constitution should not be used to scrutinize Defendant's detention and prosecution in the Netherlands prior to extradition. *See Wentz v. United States*, 244 F.2d 172, 176 (9th Cir. 1957) (argument that defendant denied due process in Mexico by Mexicans held to be "no legal concern of an American

court."). In any event, Defendant was responsible for most of the delay prior to extradition as a consequence of his attempt to fight extradition by appealing within the Dutch court system and government. Likewise, Defendant has additionally delayed trial in this Court to permit the filing and briefing of his pretrial motions. (*See* Doc. 31.) Thus, there has been no delay in this prosecution that would violate either the Due Process Clause of the United States Constitution or the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174.

Upon these premises, the Court concludes that the motions to dismiss are not well taken and should be denied. Accordingly,

IT IS HEREBY ORDERED that Defendant's First Motion to Dismiss for Lack of Jurisdiction (Doc. 42) and Second Motion to Dismiss for Lack of Probable Cause (Doc. 44) are both DENIED.

DONE and DATED this 4th day of March, 2010.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE